### FIRST FEDERAL SAVINGS & LOAN ASS'N OF WISCONSIN v. FINNEGAN, Atty. Gen., of State of Wisconsin, et al.

No. 2313.

District Court, W. D. Wisconsin.

June 16, 1937.

William Ryan, of Madison, Wis., and Horace Russell, of Washington, D. C., for plaintiff.

Leon Isaacson, of Madison, Wis., and Benjamin Poss, of Milwaukee, Wis., for defendants.

STONE, District Judge.

1. The plaintiff, First Federal Savings & Loan Association of Wisconsin, is a corporation duly organized under and existing by virtue of section 5 of the Home Owners' Loan Act of 1933 (12 U.S.C.A. § 1464 and note) with power and authority to transact the business authorized by said act, including the right to lend its funds on the security of its shares and on the security of first liens upon homes, or combinations of homes and business property within the limitations of said section, to invest any portion of its assets in obligations of the United States, or the stock and bonds of a federal home loan bank, and to be employed as a fiscal agent of the government of the United States when properly designated for that purpose.

2. The defendant James E. Finnegan was, at the commencement of this action and until January 4, 1937, Attorney General of the state of Wisconsin, residing in Milwaukee, Wis., in the Eastern District of Wisconsin; Peter A. Cleary, S. N. Schafer, and H. F. Ibach constituted the Banking Commission of the State of Wisconsin at the time this action was instituted, and still constitute the Banking Commission, except that S. N. Schafer has resigned and is no longer a member of said Commission.

3. Orland S. Loomis is the successor in office to James E. Finnegan, and is now the Attorney General of the state of Wisconsin, and has been substituted as a party defendant in place of James E. Finnegan.

4. The principal place of business of the plaintiff is Milwaukee, Wis.; that the defendants, S. N. Schafer and H. F. Ibach are citizens of the state of Wisconsin, residing in the Western District of Wisconsin; that the defendant Peter A. Cleary is a citizen of the state of Wisconsin, residing

in Milwaukee, Wis.; and that the office of the Attorney General is at the city of Madison in the Western District of Wisconsin.

5. The matter in controversy in this suit exceeds the sum of $3,000, exclusive of interest and costs; that the right and franchise of the plaintiff to do business as a federal savings and loan association in the state of Wisconsin has a value in excess of $3,000, exclusive of interest and costs; that the value of the business conducted by plaintiff and the good will thereof exceeds the sum of $3,000, exclusive of interest and costs; that the assets owned by the plaintiff exceed the sum of $3,000, exclusive of interest and costs.

6. This suit arises under the Constitution and laws of the United States and involves the construction, interpretation and validity of section 5 of the Home Owners' Loan Act of 1933.

7. The United States owns fully paid income shares of the plaintiff with an aggregate par value of $275,000, and the Home Owners' Loan Corporation, of which the capital stock is wholly owned by the United States, is the owner of fully paid income shares of the plaintiff, with an aggregate par value of $150,000; and that the amount of stock owned by the United States and by the Home Owners' Loan Corporation is more than 51 per cent. of the total capital stock of the plaintiff.

8. After its incorporation plaintiff began and has since continued to transact business in Wisconsin, and now sustains contract relations with a large number of people in said state; that plaintiff has made mortgage loans on property located in Wisconsin, which on August 31, 1936, aggregated $1,169,485.84, and that it owned approximately 254 of such mortgages with an aggregate unpaid balance on said date of $1,041,802.30; that the proceeds of some of said mortgages so made were used to pay and liquidate mortgages theretofore held by banks and other financial institutions upon the property covered by said mortgages; that since its incorporation plaintiff has paid 4 per cent. per annum on its capital stock; that as of June 30, 1936, plaintiff had undivided profits of $4,073, and reserves of $3,308, and it now has undivided profits and reserves in excess of said amounts.

9. Defendants have publicly asserted that the plaintiff is unlawfully doing a building and loan business in the state of Wisconsin, and that it is acting in Wisconsin as a corporation without being duly incorporated; defendants have further asserted that plaintiff is unlawfully usurping, holding, and exercising the franchise of, and engaging in the business of, and operating as a building and loan association, that plaintiff is without authority or right to transact said business or to do the acts and things which the plaintiff is transacting and doing in the state of Wisconsin, that it is usurping a franchise grantable only by the state of Wisconsin, and that section 5 of said Home Owners' Loan Act of 1933, pursuant to the provisions of which plaintiff has been incorporated, is unconstitutional and void; that defendant will continue to make such public assertions unless enjoined from so doing.

10. Under the provisions of section 14.53 of the Wisconsin Statutes, the Attorney General is authorized to appear for the state of Wisconsin and prosecute or defend all actions in which the state is interested or is a party, and, when requested by the Governor, to appear for the state and prosecute and defend any cause or matter in which the state of Wisconsin or the people thereof may be in anywise interested, and the Attorney General is authorized by section 294.04 of the Wisconsin Statutes to bring an action in the name of the state upon his own information or upon the complaint of any private party, when any person shall usurp, intrude into, or unlawfully hold or exercise any public office, civil or military, or any franchise, within the state of Wisconsin; that the Banking Commission of Wisconsin has authority, pursuant to the laws of the state, to issue certificates of incorporation to building and loan associations, and has general supervision and control over the business of building and loan associations incorporated under the laws of the state of Wisconsin, including authority to require such building and loan associations to follow and observe the provisions of the Wisconsin Statutes with respect to building and loan associations.

11. The defendants, claiming to act by virtue of the authority vested in them by the statutes hereinbefore mentioned, have threatened to bring suits in the courts of the state of Wisconsin to prevent the plaintiff from transacting any business in the state of Wisconsin, claiming that said section 5 of the Home Owners' Loan Act of

680

1933 is unconstitutional and void, and claiming that the plaintiff is transacting business in the state without right or authority so to do; that the defendants filed in the Supreme Court of the state of Wisconsin, shortly before the institution of this action, an application praying for leave to institute an original suit in said court against the plaintiff, its officers and directors, claiming that the plaintiff has no right or authority to transact the business of a federal savings and loan association in the state of Wisconsin, and to bar and oust the plaintiff from exercising the rights and privileges which it possesses as a federal savings and loan association, organized as hereinbefore set forth pursuant to said section 5 of the Home Owners' Loan Act of 1933.

12. Said assertions, publicly made and threatened to be continued, and the action heretofore taken requesting leave to institute suit against the plaintiff, its officers and directors, and the action threatened, to institute suits against this plaintiff in the courts of Wisconsin, as hereinbefore mentioned, have impaired the value of the plaintiff's property, have cast a cloud upon the title of the plaintiff to its property and impaired its ability to enforce its contract rights, and to secure additional members or shareholders; that said assertions and suits so threatened, if continued, will destroy the business and good will of the plaintiff and destroy the value of its franchise to do business as a Federal savings and loan association.

13. The defendants, unless restrained therefrom, will continue to threaten plaintiff, its officers and directors, with court actions and other proceedings, and will continue to injure plaintiff in its property and property rights by publicly declaring that plaintiff is not legally incorporated, is usurping a corporate franchise grantable only by the state of Wisconsin, is unlawfully transacting business, and is acting under a law of the United States which is invalid because in contravention of the Constitution of the United States; that said acts will hinder and harass plaintiff in the transaction of its business and in the performance of its duties as an instrumentality of the United States; that the injury to plaintiff will be irreparable and the amount of such injury cannot be wholly measured in damages or fully recoverable in an action at law; that plaintiff cannot obtain adequate relief or safety from a multiplicity of suits, fines, prosecutions, or other harassments except by injunctive relief by means of a suit in equity.

14. The plaintiff herein has prayed for injunctive relief against the defendants to prevent the continuance of the acts and things hereinbefore complained of.

15. The plaintiff has also prayed for a declaratory judgment that plaintiff has a lawful right and franchise to transact business as a Federal savings and loan association within the state of Wisconsin, and that as a federal savings and loan association it is under the sole authority and control of the laws of the United States.

Conclusions of Law.

1. That the Home Owners' Loan Act of 1933, including section 5 thereof, is valid.

2. That the plaintiff is a corporation organized and existing pursuant to and by virtue of said act, and has the lawful right to transact business as a federal savings and loan association within the state of Wisconsin, and that as a federal savings and loan association it is under the sole authority and control of the laws of the United States.

On the foregoing findings of fact and conclusions of law, and on motion of plaintiff's attorneys,

It is ordered, adjudged, and decreed that the defendants above named, and all persons claiming to act under their authority, direction, and control, do desist and refrain from interfering with the plaintiff, its officers, directors, and employees, its franchises, property, and business, in any manner or form, and from suing or attempting to sue plaintiff, its officers, directors, and employees, and from prosecuting any action at law or in equity directly or indirectly against the plaintiff, its officers, directors, and employees, for the purpose of preventing the plaintiff from, or hindering plaintiff in exercising its franchise to do business as a federal savings and loan association, or transacting its business within the state of Wisconsin.